BURKAN v. MUSICAL COURIER CO.

(Supreme Court, Appellate Division, First Department.　April 4, 1913.)

1. LIBEL AND SLANDER (§ 103*)—EVIDENCE—MATERIALITY.

In an action against the publisher of a musical trade paper for libeling an attorney, who, acting for composers and music publishers, sought to protect their copyrights against the use of compositions on musical piano players, evidence that a manufacturer of such players had made secret contracts with music publishers to secure the exclusive privilege of producing their compositions, in which contracts plaintiff was not interested, was properly excluded as being irrelevant.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 281; Dec. Dig. § 103.*]

2. APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action for libel, error in permitting the person who wrote the libelous articles for defendant to testify that he had plaintiff in mind when writing them was harmless, where the articles themselves, in connection with the surrounding circumstances, identified plaintiff as the person libeled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

Appeal from Trial Term, New York County.

Action by Nathan Burkan against the Musical Courier Company. Judgment for plaintiff, and defendant appeals.　Affirmed.　See, also, 150 App. Div. 902, 135 N. Y. Supp. 1102.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Edward A. Alexander, of New York City, for appellant.
Nathan Burkan, of New York City, for respondent.

SCOTT, J.　Plaintiff, a lawyer devoting himself especially to trademark and copyright law, has recovered a judgment for damages for libel against defendant, a publisher of a musical trade paper.　No motion was made by defendant for a nonsuit or for the direction of a verdict, and the case contains no order denying a motion for a new trial upon the minutes.　The appeal, therefore, brings up for review only the exceptions taken during the trial.　Of these there are a great many, but most of them present no question requiring consideration.

The complaint contains eight counts, each founded upon a separate article published by defendant, and each of the articles is clearly libelous.　In only two of the articles is the plaintiff mentioned by name; but there is evidence in the case tending to indicate, and from which the jury were justified in finding, that the libelous articles referred to him.　The matter which inspired the libels was a controversy which was carried on in the federal courts and in Congress between musical composers and publishers on the one hand and the manufacturers of mechanical piano players on the other.　The question involved was whether the copyright law protected, or should be so extended as to protect, the holders of copyrights for musical com-

positions against the unauthorized use of those compositions by means of the perforated rolls used in operating mechanical piano players. The plaintiff, as counsel for certain composers and music publishers, sought to have the law so construed, or, if necessary, amended as to afford such protection. The defendant apparently favored the manufacturers of the mechanical piano players, and for that reason opposed the desired amendment of the copyright law, and as a part of its campaign against such amendment resorted to abusing plaintiff by means of libels of which he now complains.

[1] The defendant in its answer pleads, both as justification and by way of mitigation of damages, and sought to prove upon the trial, that one of the principal manufacturers of mechanical piano players in this country had made secret contracts with a large number of music publishers whereby, if the proposed amendment to the copyright law should be adopted, said manufacturer would secure for a number of years the exclusive privilege of producing the musical compositions copyrighted by said publishers. To the refusal of the trial court to admit evidence of this fact the defendant excepted, and upon those exceptions elects to rest this appeal. It says in its brief now before us:

"The appellant is willing to waive on this appeal all other errors, and does not desire a new trial of this case, unless it is right in its position that all this evidence is not only competent, but is some of the most important, essential, and material evidence in the entire case."

The evidence was clearly not competent, because there is no evidence that the plaintiff was in any way connected with what the defendant terms the "conspiracy" between the manufacturer referred to and the publishers with whom it made contracts, and also because, if plaintiff had been so connected, that fact would have furnished no justification for or mitigation of the libels which the defendant published. The trial justice could not well have done otherwise than to reject the evidence, because this court has twice held it to be irrelevant. Burkan v. Musical Courier Company, 149 App. Div. 942, 134 N. Y. Supp. 1127; Id., 150 App. Div. 902, 135 N. Y. Supp. 1102.

[2] There was error committed in permitting the person who wrote the libelous articles for defendant to testify that he had plaintiff in mind when writing the articles, and intended that they should be understood as referring to plaintiff. This error was probably harmless, because there was sufficient in the articles themselves, read in the light of the surrounding circumstances, to identify plaintiff as the person referred to. Indeed, it was not seriously questioned on the trial that plaintiff was the individual referred to in the article.

For this reason, as well as for the reason that defendant has expressly elected to rest its appeal upon the exclusion of the irrelevant testimony to which we have referred, the errors we do find may be overlooked.

Judgment affirmed, with costs. All concur.